UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TONYA RENEE DAVIS, | Civil Action No.: 4:09-cv-830-RBH-TER |
| Plaintiff, | |
| -vs- | |
| | **REPORT AND RECOMMENDATION** |
| CENTEX HOMES, a subsidiary of Centex Corporation, FRANK REDA, SUZANNE TOOLE, and LINDA PURDY, | |
| Defendants. | |

**I. INTRODUCTION**

Plaintiff originally filed this action in the Horry County Court of Common Pleas on February 19, 2009, alleging gender discrimination retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. Plaintiff also asserts state law causes of action for violation of the South Carolina human affairs law and defamation. Defendant removed the action to this Court April 1, 2009. Presently before the Court is Defendant Linda Purdy's Motion to Dismiss (Document # 17) for lack of personal jurisdiction.[1] Plaintiff has not filed a Response to this Motion.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because the Motion to Dismiss is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

---

[1] Defendant Purdy's previously filed Motion to Dismiss (Document # 5) and Defendant Centex International II, LLC's Motion to Dismiss (Document # 5) are moot as a result of Plaintiff's subsequent filing of an Amended Complaint (Document # 14).

## II. FACTS

Plaintiff, Tonya Renee Davis, was originally hired by Centex Homes, Denver Division, and was employed by that division, performing work in the Denver, Colorado area. Purdy Aff. ¶ 8. It was while employed in Denver that Plaintiff worked with Defendant Purdy. Id. In 2006, Plaintiff was transferred from her position in Denver, Colorado to Horry County, South Carolina. Id. at ¶ 9. Once that transfer occurred, Defendant Purdy had no further contact with Plaintiff nor did she have any further supervisory or other official control or personal relationship with Plaintiff. Id. at ¶¶ 9, 10. Indeed, Defendant Purdy has never discussed Plaintiff with anyone located in the State of South Carolina, including other defendants in this action, Suzanne Toole and Frank Reda. Id. at ¶¶ 10, 11.

Defendant Purdy is a resident of the State of Colorado. Id. at ¶ 5. She has been a resident of that state her entire life. Id. At all times relevant to the claims in Plaintiff's Complaint, Defendant Purdy has been employed by Centex Homes, operating exclusively out of that company's Denver Division. Id. at ¶ 3. At all times relevant to this action, she held the position of Division Land Manager in Denver. Id. Purdy does not perform any duties as part of this employment in the State of South Carolina. Id. at ¶¶ 3, 4. Defendant Purdy has only traveled to South Carolina once in the past several years for a personal trip and once in 2005 for a conference unrelated to Plaintiff or Plaintiff's claims. Id. at ¶¶ 5, 6, 7.

In her Amended Complaint, Plaintiff alleges that Purdy "is a resident and citizen of Araphahoe County, State of Colorado, and at all times pertinent to this action, was employed by Defendant Centex as Land Development Manager in Denver, Colorado." Amended Complaint ¶ 5. Plaintiff asserts no specific allegations against Purdy and it appears from Plaintiff's Amended Complaint that all of the alleged discriminatory conduct occurred while Plaintiff worked in the Horry

County office. Plaintiff's claims against Purdy are unclear.

### III. STANDARD OF REVIEW

When a defendant files a motion to dismiss the plaintiff's complaint for lack of jurisdiction under Rule 12(b)(2), the plaintiff must prove jurisdiction by a preponderance of the evidence. Mylan Labs., Inc. v. Akzo, 2 F.3d 56, 59-60 (4th Cir.1993). When a court declines to hold an evidentiary hearing and decides to rely on the parties' pleadings, affidavits, and other legal documents, the plaintiff faces a lesser standard such that the plaintiff only must "make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id.

### IV. DISCUSSION

There are two types of personal jurisdiction: general and specific. A court has general jurisdiction over a cause of action that arises outside of the forum state. See Calder v. Jones, 465 U.S. 783, 786, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). General jurisdiction is permissible under the due process clause when the defendant has an enduring relationship with the forum state, and his connection to and activities in the forum state are so substantial that the defendant would expect to be subject to suit there on any claim and would suffer no inconvenience from defending there. "The essence of the issue ... is ... one of general fairness to the [defendant]." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

The United States Supreme Court articulated a two-branch due process test for determining specific jurisdiction. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291(1980). The

first, the traditional minimum contacts branch, focuses on the defendant's connection with the forum state and the relationship between that connection and the litigation. Burger King Corp., 471 U.S. at 471-76. The second branch is frequently referred to as the fairness, convenience, or reasonableness branch. Beyond the requirement of minimum contacts, due process requires further factual evaluation to determine whether an assertion of personal jurisdiction comports with fair play and substantial justice. Id. at 476 ( quoting Int'l Shoe Co., 326 U.S. at 320). As stated, the plaintiff has the burden of establishing jurisdiction over Defendant Purdy.

Plaintiff does not assert any specific allegations against Defendant Purdy nor has she responded to the present motion. Defendant Purdy avers that she has never lived in South Carolina, does not perform any of her duties of employment in or in connection with South Carolina, nor has she had any supervisory or other official control over Plaintiff since she moved to South Carolina. Based upon the record, there are insufficient contacts for this Court to exercise either general or specific jurisdiction over Purdy. Any cause of action Plaintiff may have against Purdy arose outside the state of South Carolina and Purdy has no connection to this state. Plaintiff has failed to meet her burden of showing by a preponderance of the evidence that this Court has personal jurisdiction over Purdy. Accordingly, dismissal of Purdy is appropriate.

## V. CONCLUSION

For the reasons set forth above, it is recommended that Defendant Purdy's Motion to Dismiss (Document # 17) be granted and that Purdy be dismissed from this action.

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

December 29, 2009
Florence, South Carolina